UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MAINE LOBSTERMEN'S ASSOCIATION,<br><br>*Plaintiff-Appellant*,<br><br>STATE OF MAINE DEPARTMENT OF MARINE RESOURCES; MASSACHUSETTS LOBSTERMEN'S ASSOCIATION; DISTRICT 4 LODGE OF THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKS; LOCAL LODGE 207,<br><br>*Intervenors-Appellants*,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE; GINA RAIMONDO, IN HER OFFICIAL CAPACITY AS SECRETARY OF COMMERCE; JANET COIT, IN HER OFFICIAL CAPACITY AS ASSISTANT ADMINISTRATOR FOR FISHERIES,<br><br>*Defendants-Appellees*,<br><br>CONSERVATION LAW FOUNDATION; CENTER FOR BIOLOGICAL DIVERSITY; DEFENDERS OF WILDLIFE,<br><br>*Intervenors-Appellees*. | No. 22-5238, consolidated with Nos. 22-5244, 22-5245, 22-5246 |

**APPELLANT MAINE LOBSTERMEN'S ASSOCIATION'S
STATEMENT OF ISSUES**

Pursuant to the Court's September 15, 2022 order, Appellant Maine Lobstermen's Association (MLA) submits this preliminary statement of issues:

1

1. Whether the National Marine Fisheries Service's Biological Opinion, Conservation Framework, and Final Rule, which are premised on the agency's decision to resolve all uncertainties "in favor of the species" and to utilize "worst case scenarios," are consistent with the Endangered Species Act, which requires the agency to assess "likely" scenarios using the "best scientific and commercial data available." 16 U.S.C. §1536(a)(2).

2. Whether the National Marine Fisheries Service's Biological Opinion, Conservation Framework, and Final Rule, which are premised on the agency's decision to resolve all uncertainties "in favor of the species" and to utilize "worst case scenarios," are consistent with the regulations implementing the Endangered Species Act, which require the agency to consider only those consequences that are "reasonably certain to occur" and "would not occur but for the proposed action." 50 C.F.R. §§402.02, 402.14(g)(3)-(4).

3. Whether the Endangered Species Act authorized the National Marine Fisheries Service to incorporate draconian and untested conservation restrictions in its proposed agency action to avoid the effects of "worst case scenarios" before seeking a Biological Opinion on whether authorization of the lobster fishery is likely to jeopardize the species.

4. Whether the National Marine Fisheries Service's assessment of the scientific and commercial data was arbitrary or capricious.[1]

|  |  |
|---|---|
|  | Respectfully submitted, |
| October 17, 2022 | /s/ Paul D. Clement<br>Paul D. Clement<br>*Counsel of Record*<br>Andrew C. Lawrence<br>James Y. Xi<br>Clement & Murphy, PLLC<br>706 Duke Street<br>Alexandria, VA 20005<br>(202) 742-8900<br>paul.clement@clementmurphy.com<br>*Counsel for Plaintiff-Appellant*<br><br>/s/Jane C. Luxton<br>Jane C. Luxton<br>Lewis Brisbois Bisgaard & Smith<br>2112 Pennsylvania Ave. Suite 500<br>Washington, DC 20037<br>(202) 558-0659<br>jane.luxton@lewisbrisbois.com<br>*Counsel for Plaintiff-Appellant*<br><br>/s/ Mary Anne Mason<br>Mary Anne Mason<br>Chief Legal Officer of Maine Lobstermen's Association<br>2 Storer St. Suite 203<br>Kennebunk, ME 04043<br>(202)262-2424<br>maryanne@mainelobstermen.org<br>*Counsel for Plaintiff-Appellant* |

---

[1] MLA reserves the right to supplement or modify this preliminary statement of issues.

3

/s/ Ryan P. Steen
Ryan P. Steen
Jason T. Morgan
James C. Feldman
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
(206) 624-0900
ryan.steen@stoel.com
*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 17, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Paul D. Clement
Paul D. Clement
